IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

WADE McKINNEY, et al. )
)
v. ) NO. 3:05-0607
) JUDGE CAMPBELL
THE PRINCETON REVIEW, INC., )
   et al. )

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss or Stay Pending Arbitration (Docket No. 5). For the reasons stated herein, Defendants' Motion is GRANTED, and this action is STAYED until completion of the pending arbitration. The Clerk is directed to close this file administratively, subject to being reopened upon motion of the parties.

FACTS

This action arises from a relationship and series of franchise agreements between Plaintiffs and Defendants concerning the rights of Plaintiffs to market and sell certain classroom-based, print and online educational products and services of Defendants. Plaintiffs' Complaint herein (which was originally filed in state court and removed here) focuses on one particular contract, dated May 8, 2003, between Princeton Review Management, L.L.C. and The Princeton Review Nashville. Docket No. 10, Ex. B. Plaintiffs allege that Defendants breached and procured the breach of the May 8, 2003 contract, in violation of the Tennessee Consumer Protection Act, interfered with Plaintiffs' business relationships, and misrepresented certain material information. Docket No. 1.

Defendants have moved to dismiss or stay this action, pending resolution of an arbitration between the parties currently ongoing in the State of New York. Defendants contend that this dispute should be submitted to arbitration pursuant to a Forbearance Agreement between the parties, dated November 10, 1999. That Agreement provides that any "controversy, dispute, claim or

question arising out of, in connection with, or in relation to this Agreement or the Franchise Agreement, which cannot be settled amicably between the parties shall be determined exclusively by arbitration . . .." Docket No. 10, Ex. B, ¶ 12.  The "Franchise Agreement" is defined as The Princeton Review Franchise Agreement of June 13, 1991, as amended.  Id., p. 1.

In June of 1991, Plaintiff McKinney and Princeton Review Management Corp. ("PRM") entered into a Franchise Agreement for the sale of educational product and services.  In 1995, Plaintiffs and PRM signed a 1995 Addendum to the Franchise Agreement.  After several years, PRM terminated the Franchise Agreement because of a billing dispute.  On November 18, 1999, the Franchise Agreement was reinstated via a Forbearance Agreement between Plaintiffs on the one hand and Princeton Review Management LLC and Princeton Review Products LLC on the other hand.  The Forbearance Agreement contained the above-quoted arbitration provision.

Plaintiffs assert that, on May 8, 2003, Plaintiff McKinney entered into a separate agreement with Defendant PRM concerning certain different products and services.  That agreement is the basis for the lawsuit brought herein.  Plaintiffs argue that the May 8, 2003 agreement is not an amendment to the Franchise Agreement and, therefore, is not covered by the arbitration provision of the Forbearance Agreement.  Plaintiffs also argue that the May 8, 2003 agreement does not involve the same parties as the Forbearance or Franchise Agreements.

Defendants assert that Defendant Princeton Review Management LLC and Princeton Review Products LLC were merged into Defendant The Princeton Review, Inc. on January 1, 2005, and The Princeton Review, Inc. became the successor-in-interest to both.  Docket No. 6, Ex. A.  Defendants also assert that the May 8, 2003 letter agreement is an amendment to the Franchise Agreement and, thus, covered by the arbitration provision of the Forbearance Agreement.

2

In May of 2005, Defendants again terminated the Franchise Agreement. On June 14, 2005, Defendants initiated an arbitration proceeding in New York in accordance with the provisions of the Forbearance Agreement. On August 4, 2005, Plaintiffs filed this lawsuit.

ARBITRATION

The issue presented on this Motion to Dismiss or Stay is the scope of the arbitration provision in the Forbearance Agreement between the parties. Agreements to arbitrate disputes are generally favored. French v. First Union Securities, Inc., 209 F.Supp.2d 818, 826 (M.D. Tenn. 2002). Since arbitration agreements are creatures of contract, however, a party cannot be required to submit to arbitration unless he or she has agreed to do so. Id. The Court must examine the language of the contract in light of the strong federal policy in favor of arbitration. Stout v. Byrider, 228 F.3d 709, 714 (6th Cir. 2000). Any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. Id.

There is a general presumption of arbitrability, and any doubts are to be resolved in favor of arbitration unless it may be said "with positive assurance" that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Masco Corp. v. Zurich American Ins. Co., 382 F.3d 624, 627 (6th Cir. 2004). Where the arbitration clause is broad, only an express provision excluding a specific dispute or the most forceful evidence of a purpose to exclude the claim from arbitration will remove the dispute from consideration by the arbitrators. Id.

The Court finds that Plaintiff has failed to offer "positive assurance" that the arbitration provision of the Forbearance Agreement does not cover the issues in this lawsuit. The merger of Defendant Princeton Review Management LLC and Princeton Review Products LLC into Defendant The Princeton Review, Inc. resolves any dispute about the parties being different. The Court finds

3

that the Forbearance Agreement applies to the Franchise Agreement, as amended, and that the May 8, 2003, letter amended the Franchise Agreement.

For example, the May 8, 2003 letter identifies Plaintiff as "Franchisee," just as in the Franchise Agreement. The May 8, 2003 letter includes provisions which expressly supercede certain aspects of the Franchise Agreement, as amended by the 1995 Addendum. The May 8, 2003 letter agreement also specifically provides that it "will not serve as an amendment of the Franchise Agreement or Addendum Terms *after the expiration or termination of this agreement.*" Docket No. 6, Ex. E, ¶ 7.2 (emphasis added). Moreover, the arbitration provision of the Forbearance Agreement specifies certain exclusions from its scope (the Note, the Pledge Agreement and preliminary injunctive relief), which do not include the issues presented here. Docket No. 6, Ex. B, ¶ 12.

The Court finds that the parties' intent, as expressed by their various agreements, was to arbitrate disputes arising from the Franchise Agreement, as amended (which included the May 8, 2003 letter) and the Forbearance Agreement. Accordingly, Defendants' Motion to Dismiss or Stay is GRANTED, and this action is stayed pending resolution of the current arbitration between the parties. The Clerk is directed to close this file administratively. The parties shall file a written status report with the Court on or before December 31, 2005.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE